IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROBERT EARL RAY, JR.,            )
                                 )
       Plaintiff,             )
                                 )
vs.                              )   Case No. 5:07-cv-02090-IPJ-RRA
                                 )
TROY KING, *et al.*,             )
                                 )
       Defendants.            )

MEMORANDUM OF OPINION

    The magistrate judge filed a report and recommendation on December 17, 2007, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff filed objections to the report and recommendation on December 28, 2007. (Doc. #3). In his objections, the plaintiff repeats his complaint that the overcrowding and understaffing at the Limestone Correctional Facility subjects him to the constant threat of violence and disease. However, he cites no instances where he has personally been threatened or attacked and he simply asserts the general proposition that the prison is dangerous. It is true that prisoners are entitled to be "reasonably protected from the constant threat of violence." *Morgan v. Toombs Co., GA.*, 400 F.3d 1313, 1321 (11th Cir. 2005). It is also true that the Eighth Amendment is violated where the excessive risk of inmate violence at a prison creates a substantial risk of serious harm. *Morgan*, supra, at 1320. However, neither the plaintiff's complaint, as amended, nor his objections, assert specific factual allegations which demonstrate that the conditions at Limestone are such that the Eighth Amendment

is violated. Jails and prisons are inherently dangerous places and the Eighth Amendment requires that the risk of injury be a "strong likelihood rather than a mere possibility." *Brown v. Hughes*, 894 F.2d at 1537 (*quoting Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The plaintiff's general allegation that overcrowding causes tension between inmates does not show that the conditions are such that he faces a "substantial" or "excessive" risk of harm. The fact that occasional or isolated attacks by one prisoner on another occur in a prison does not show that unconstitutional conditions exists inside the prison. *Morgan*, supra, at 1320. In this case, the plaintiff has failed to assert specific facts which would make the necessary showing that he faces a "constant" threat of violence because of the general conditions at Limestone. *Morgan*, supra, at 1320-21. As such, he has failed to allege conditions which are cruel and unusual by contemporary standards, which therefore precludes his claims for relief under § 1983.

Likewise, he has failed to plead specific allegations to show that the overcrowding at Limestone causes an immediate threat to his health. The only specific fact he presents in support of this claim is that at some point in time contamination from the sewage system into the prison water supply caused the spread of infectious disease. However, he does not allege that the contamination is ongoing or imminent and there is no indication that the event was any more than a one time occurrence. In order to have standing to obtain prospective injunctive relief, the plaintiff must show that he faces a substantial and *immediate* threat of future injury. *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001). He has failed to plead facts which meet this threshold requirement.

Therefore, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is

ACCEPTED.  Accordingly, this action is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  A Final Judgment will be entered.

DATED this 15th day of <u>January</u>, 2008.

                                                /s/ Inge Prytz Johnson
                                                INGE PRYTZ JOHNSON
                                                U.S. DISTRICT JUDGE